IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ADAM D. WRIGHT, | ) | CASE NO. 8:09CV308 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| DOUGLAS COUNTY SHERIFF DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on September 2, 2009. (Filing No. 1.) Plaintiff is a prisoner and has been given leave to proceed in forma pauperis in this matter. (Filing No. 10.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against one Defendant, the Douglas County Sheriff's Department. Plaintiff is a prisoner, currently in the custody of the Iowa Department of Corrections. (Filing No. 1.)

Plaintiff's Complaint is difficult to decipher. As best as the court can tell, Plaintiff alleges that he was being held in the Pottawattamie County, Iowa jail, and was transferred to the custody of Defendant for 10 days in August 2009. (*Id.* at CM/ECF p. 5.) Plaintiff believes he was being held improperly by Defendant because he had posted bond in March 2009. (*Id.*) Alternatively, Plaintiff alleges that, even if he was being lawfully held by Defendant, he was held six days too long. (*Id.*) Plaintiff seeks the return of his $500.00 bond and additional monetary damages. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. See 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); see also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the

alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

Liberally construed, Plaintiff alleges Defendant improperly held him, because he was entitled to be released while awaiting trial after posting bond.  The abstention doctrine of *Younger v. Harris*, 401 U.S. 37, 59 (1971), provides that federal courts should abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests, and when that proceeding affords an adequate opportunity to raise the federal questions presented.  See *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005); *see also Herrera v. Safir,* 17 F. App'x 41, 42 (2d Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

Here, it is clear that Plaintiff has ongoing state-court matters in both Nebraska and Iowa.  There is no question that he may raise his claims relating to his posted bond and release pending his trial in those ongoing state-court proceedings.  Additionally, Plaintiff may also raise any complaints regarding Defendant keeping him six days too long in his state-court proceedings.  Plaintiff has not alleged that the state court proceeding will not provide him with an adequate opportunity to raise his federal claims and this court will therefore abstain from hearing any of Plaintiff's claims that relate to his ongoing state court proceeding.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice to reassertion in the proper forum.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. Plaintiff's Motion to Appoint Counsel (Filing No. 11) is denied as moot.

DATED this 1st day of December, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.